UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                      :
EDUARDO ROSA,                                                         :
                                                                      :
                                    Plaintiff,                        :         26-CV-0061 (JAV)
                                                                      :
            -v-                                                       :         ORDER
                                                                      :
NFI INTERACTIVE LOGISTICS, LLC,  et al.,                              :
                                                                      :
                                    Defendants.                       :
-----------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

Plaintiff, a citizen of New York, brings this tort action asserting claims arising from an automobile accident that occurred in New Jersey. ECF No. 3 ("Compl."). Counsel for Defendants NFI Interactive Logistics, LLC and Peterson Holmand have moved to transfer this case to the U.S. District Court for the District of New Jersey. ECF No. 15. On April 2, 2026, the parties filed a stipulation consenting to the transfer of this matter pursuant to 28 U.S.C. § 1404. For the following reasons, this action is transferred to the United States District Court for the District of New Jersey.

A district court may transfer a case "to any district or division to which all parties have consented," "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404. "District courts have broad discretion in making determinations of convenience under Section 1404(a)." *Corley v. United States*, 11 F.4th 79, 89 (2d Cir. 2021) (quotation marks omitted). A district court may transfer venue based on a party's motion or sua sponte. *RBG Mgmt. Corp. v. Vill. Super Mkt., Inc.*, No. 22-CV-7996, 2024 WL 1574026, at *2 (S.D.N.Y. Apr. 11, 2024) (citations omitted).

Courts typically employ a two-part test in considering a motion to transfer venue. *Megna v. Biocomp Lab'ys Inc.*, 220 F. Supp. 3d 496, 497 (S.D.N.Y. 2016). First, courts consider "whether

the action could have been brought in the proposed transferee forum." *Id.* (citation omitted). If so, courts then consider whether transfer is appropriate by balancing several factors, which include, among others, the "convenience of witnesses," "convenience of the parties," "the locus of the operative facts," and "judicial economy and the interests of justice." *Id.* at 497-98 (quotation marks omitted). The parties do not dispute that both jurisdiction and venue would be proper — and indeed, request transfer to — the United States District Court for the District of New Jersey. Further, several factors, particularly the ones listed *supra*, weigh in favor of transferring the case to the District of New Jersey. In particular, the accident occurred in New Jersey, several of the defendants reside in New Jersey, the first responders who may serve as witnesses are located in New Jersey, and Plaintiff received medical treatment in New Jersey. ECF No. 16 at 16-20.

Accordingly, it is ORDERED that this proceeding is hereby transferred to the United States District Court for the District of New Jersey. The Clerk of Court is respectfully directed to terminate ECF No. 15 and to transfer this action to the United States District Court for the District of New Jersey.

SO ORDERED.

Dated: April 2, 2026
New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge

2